# SUPREME COURT.

## In the Matter of WILLIAM H. COOK.

Under the act of Congress, which permits the enlistment of infants in the army and navy, with the consent of " the parent," &c., the *mother* of an infant son, the father being dead, and the mother married and living with a second husband, has authority to consent to his enlistment.

Although such consent is required to be in writing, and to be " first had and obtained," yet where the consent was by parol on the day of enlistment, and the written consent made several days subsequent thereto, *Held*, that the written consent could be deemed nothing more than a ratification of the parol. At all events, the enlistment would be valid from the time the written consent was given.

*New - York Special Term, July,* 1856.

APPLICATION for discharge of the relator from enlistment, for want of a proper consent of his parents.

CLERKE, Justice. The act of Congress expressly permits the enlistment of infants, with the consent of " the parent," &c. It prescribes no particular method by which this consent shall be signified ; nor does it specify which parent ; nor does it exclude either parent from giving it. In this case the father was dead, and the mother was married again. The principle of the common law is, that the father has the first title to guardianship by nature (the custody of the person), and the mother the second. This right of the mother was not necessarily forfeited by her second marriage, and when we consider that the language of the act is explicit and unqualified, allowing " the parent " to give the consent, I can have no hesitation in deciding that the mother of this minor had power under the act to *consent* to his enlistment.

With regard to the fact of the consent, she accompanied the lad to the recruiting office, on the 16th of February, 1856, requested that he should be accepted, and on the 25th signed a written consent. The counsel for the relator contends that the consent is invalid, insisting that it was given after the enlistment, as the act says that the consent must be " *first* had and

obtained." But, the consent was given by parol on the 16th, the day from which the enlistment dates, although not consummated until after a probation of some days; the written can be deemed nothing more than a ratification of the parol consent; and even if this latter were to be disregarded, and the written the only consent, although the enlistment would be void in such case anterior to its execution, yet it would clearly operate to make it valid from that time.

Application denied.